By the Court,

Savage, Ch. J.
As to the first point raised by Trinity Church : The question presented by it, is not now before us. The application now, is for the confirmation of the report made by the commissioners. The commissioners do not decide or act upon the question of the necessity or propriety of the proposed improvement. The corporation pass upon *that question before they apply to this court for the appointment of commissioners. If the decision of the corporation upon that point can be reviewed at all by this court, it is not to be done upon this motion. The powers given by the statute are very large ; whenever the mayor, aldermen, and commonalty of the city of New-York shall be desirous to open any street, &c., it shall be lawful for them to cause the same to be opened, and the lands that may be required for the purpose of opening the same may be taken for that purpose, and compensation made. 2 R. L. of 1813, 408, § 177.
As to the second point made by the church, the legislature have undertaken to confer power upon the commissioners to take more land than is necessary for the street; and their acts in this respect are subject to review upon this motion. By the 179th section, 2 R. L. 416, it is enacted that in all cases where part only of any lot or parcel of land shall be required, if the commissioners deem it expedient to include the whole lot in the assessment, they shall have power so to do ; and the part not wanted for'the particular street or improvement shall, upon the confirmation of the report, become vested in the corporation, who may appropriate the same to public uses, or sell the same, in case of no such appropriation. If this provision was intended merely to give to the corporation capacity to take property under such circumstances with the consent of the owner, and then to dispose of the same, there can be no objection to it; but if it is to be taken literally, that the commissioners may, against the consent of the owner, take the whole lot, when only a part is required for public use, and the residue to be applied to private use, it assumes a power which, with all respect, the legislature did not possess. The constitution, by authorizing the appropriation of private property to public use, impliedly declares, that for any other use, private property shall not be taken from one and applied to the use of another. It is in violation of natural right, and if it is not in violation of the letter of the constitution, it is of its spirit, and cannot be supported. This power has been supposed to be convenient, when the greater part of a lot is taken, and only a small part left, not required for public use, and that small part of but little value in the hands of the ower. *In such case the corporation have been supposed best qualified to take and dispose of such parcels, or gores as they have sometimes been called; and probably *153 this-assumption of power has been acquiesced in by the proprietors. I know of no case where the power has been questioned, and where it has received the deliberate sanction of this court. Suppose a case where only a few feet or even inches are wanted from one end of a lot to widen a street, and a valuable building stands upon the other end of such lot, would the power be conceded to exist to take the whole lot, whether the owner consented or not 1 Or suppose the commissioners had deemed it expedient and proper in this case, in the language of the statute, to take the whole of the church yard, the act would have been equally within the letter of the statute with their act in the present case, and yet no one would suppose that the legislature ever intended to confer such a power. The quantity of the residue of any lot cannot vary the principle. The owner may be very unwilling to part with only a few feet; and 1 bold it equally incompetent for the legislature thus to dispose of private property, whether feet or acres are the subject of this assumed power. I am clearly of opinion that the commissioners have no right to take the strip of land in question, against the consent of the corporation of Trinity Church.
The objections taken in behalf of the other objectors are also serious obstacles to the confirmation of this report. The whole of the ground taken for the street, and the part not taken, but assessed for benefit,'is a cemetery, and cannot be used for any other purpose by the church ; for such a purpose each rod of ground is of equal value. Why is it, then, that the part taken is considered of more value to the church than the part which has been assessed for benefit ? If it be answered that the part taken is no longer to be used as a cemetery, but for secular purposes, and therefore much more valuable, I answer, that it has not now that additional value, and cannot have it, while it remains the property of the church; and it is the damage sustained by the church which the commissioners are to ascertain. If the property in questions ever acquire such enhanced value, it will be in consequence of this *proceeding and of the street’s being hereafter closed ; upon no other contingency can this ground ever be used for building lots. Can it be right, then, to consider it now as building lots, and assess its value as such to the church, as damage 1 If the whole church-yard was building ground, one half of the expense of opening a street through it, would be assessed upon the church, because its property has a front the whole length of the new street; but as it cannot be used for such a purpose, the property of the church is not enhanced in value as it would be under different circumstances—if it is enhanced at all. It seems to me the true rule of estimating the damage is to appraise the property at its present value to the owner, considering the extent of the interest which the owner has, and the qualified rights which may be exercised over it. If the church holds the absolute interest in the church yard, and may, if they choose, convert it all into building lots, then the rule adopted by the commissioners in their assessment for damage is correct; but then they should apply the same rule in their assessment for benefit. If, on the other hand, the church, as I suppose, cannot.use the church-yard for any purpose but for burying the the dead, then a different rule should be adopted, both as to damage and benefit; but clearly the same rule should be adopted for both assessments, whether for damage or benefit.
The next and last ground of objection is, that the assessments upon the adjacent property are too large. Such seems to be the balance of evidence ; and when property is not, and cannot be benefitted to the extent of the amount assessed upon it, it is the duty of this court to send back the report until property can be found sufficiently benefitted to defray the expense, or until the proceedings shall be discontinued.